**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-40250

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS DAMIAN GUERRERO-PARRA

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 7:07-CR-1286-1

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Damian Guerrero-Parra pleaded guilty to conspiracy to transport undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (A)(ii), and (B)(i), and was sentenced to twenty-four months' imprisonment. Guerrero-Parra now moves—without government opposition—that this court vacate his sentence, remand for resentencing, and issue the mandate immediately. For the following reasons, we grant Guerrero-Parra's motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2007, Jesus Damian Guerrero-Parra was charged, *inter alia*, with one count of conspiracy to transport three undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (A)(ii), and (B)(i). Guerrero-Parra pleaded guilty, and the presentence report ("PSR") assigned a total offense level of thirteen with a criminal history category of IV. During sentencing, the district court assessed, *inter alia*, one criminal history point for a misdemeanor assault under Texas law described in paragraph 31 of the PSR and another criminal history point for a misdemeanor assault under Texas law described in paragraph 32 of the PSR. The district court ultimately sentenced Guerrero-Parra to twenty-four months' imprisonment, at the lower end of the applicable range in the United States Sentencing Guidelines (the "Guidelines").

Guerrero-Parra timely appealed. In lieu of a reply brief, Guerrero-Parra filed an Unopposed Motion to Vacate the Sentence Below, to Remand for Resentencing, and to Issue the Mandate Immediately.

## II. STANDARD OF REVIEW

This court's review of a sentence begins with whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 128 S.Ct. 586, 597 (2007). Under this procedural prong, "[f]indings of fact used in calculating the Guidelines range are reviewed for clear error, while interpretation of the Guidelines themselves is reviewed *de novo*." *United States v. Fernandez*, 559 F.3d 303, 319 (5th Cir. 2009). If the sentencing decision is procedurally sound, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion

standard." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal citations omitted).

## III. DISCUSSION

In his motion, Guerrero-Parra first argues that the district court misapplied § 4A1.2(a)(2) of the Guidelines when it assessed an additional criminal history point based on paragraph 32 of the PSR. In relevant part, this provision states:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

U.S.S.G. § 4A1.2(a)(2). In the present case, the record is undisputed that there was no intervening arrest between Guerrero-Parra's two misdemeanor offenses as described in paragraphs 31 and 32 of the PSR. The sentences for these two misdemeanor offenses were also imposed on the same day. The district court thus contravened the plain language of § 4A1.2(a)(2) of the Guidelines when it assessed an additional criminal history point based on the latter misdemeanor offense.

Second, Guerrero-Parra contends that the misdemeanor assault from paragraph 32 is not a "crime of violence" countable under § 4A1.1(f) of the Guidelines. In relevant part, the Guidelines state that a district court should "[a]dd 1 point for each prior sentence resulting from *a conviction of a crime of violence* that did not receive any points" under previous Guidelines provisions. *See* U.S.S.G. § 4A1.1(f) (emphasis added). A "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term

exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). Texas law is clear that Guerrero-Parra's offenses do not fall into this category. *See* TEX. PENAL CODE § 12.21(2) ("An individual adjudged guilty of a Class A misdemeanor shall be punished by . . . confinement in jail for a term not to exceed one year . . . ."); § 22.01(a)(1) (defining as a Class A misdemeanor an offense where a person "intentionally, knowingly, or recklessly causes bodily injury to another"); *United States v. Villegas-Hernandez*, 468 F.3d 874, 884 (5th Cir. 2006) ("Texas law specifically categorizes an assault under § 22.01(a)(1) as a Class A misdemeanor, which may be punished by imprisonment for not more than one year").

The district court thus erred because it could not count the additional criminal history point under either § 4A1.2(a)(2) or § 4A1.1(f) of the Guidelines. This error is not harmless because, but for this misapplication of the Guidelines, Guerrero-Parra's criminal history category would have been III (an imprisonment range of 18–24 months) instead of IV (an imprisonment range of 24–30 months).

Finally, Guerrero-Parra argues that the mandate must be issued immediately. We agree. Guerrero-Parra has been in federal custody since November 15, 2007, and likely would have been released by now were it not for the error in his sentence. He is currently scheduled to be released on August 12, 2009. Thus, further delay means that Guerrero-Parra will not receive any benefit from a remand for a new sentence; he requires an immediate issuing of the mandate.

## IV. CONCLUSION

For the foregoing reasons, Guerrero-Parra's sentence is VACATED and the case is REMANDED to the district court for resentencing. The mandate shall issue forthwith.

4

MOTION GRANTED. Sentence VACATED. Case REMANDED to the district court for resentencing. Mandate shall issue forthwith.